# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY JOSHUA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. ARIAZA, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01636-LJO-GSA PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST<br><br>(Doc. 1)<br><br>OBJECTION DUE WITHIN FIFTEEN DAYS |

　　　　Plaintiff Rory Joshua ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 13, 2007. The events giving rise to Plaintiff's claims in this action occurred in September and October of 2007. In his complaint, Plaintiff alleges that the administrative remedy process is not complete. (Doc. 1, Comp., § B.)

　　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

1   The California Department of Corrections and Rehabilitation has an administrative grievance
2 system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated
3 by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including
4 the informal level, first formal level, second formal level, and third formal level, also known as the
5 "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the
6 event being appealed, and the process is initiated by submission of the appeal to the informal level,
7 or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

8   In order to satisfy section 1997e(a), California state prisoners are required to use the available
9 process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,
10 2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and
11 . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435
12 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet
13 federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting
14 Booth, 532 U.S. at 739 n.5). Because it is clear from the face of Plaintiff's complaint that he filed
15 suit prior to exhausting the administrative remedy process, this action must be dismissed. 42 U.S.C.
16 § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to
17 nonexhaustion is a valid grounds for dismissal . . . .").

18   Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
19 prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims
20 prior to filing suit.

21   This Finding and Recommendation will be submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**
23 **days** after being served with this Finding and Recommendation, Plaintiff may file written objections
24 with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and
25 ///
26 ///
27 ///
28 ///

1  Recommendation." Plaintiff is advised that failure to file objections within the specified time may
2  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  IT IS SO ORDERED.
6  **Dated:   June 5, 2008**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE